# UNITED EQUITABLE INSURANCE COMPANY v. ARONSON
## Case No. 84-155 AP
Eleventh Judicial Circuit, Appellate Division, Dade County

February 25, 1985

### APPEARANCES OF COUNSEL

**Captain Edward R. Fink** for appellant.

**Leff, Pesetsky & Zack** for appellee.

Before SHAPIRO, RIVKIND, NADLER, JJ.

### OPINION OF THE COURT

SHAPIRO, Judge.

Appellee, Mitchell Aronson, purchased a boat in October, 1982. Appellee immediately made application for insurance coverage for the vessel and its accompanying trailer with United Equitable Insurance Company. He was required to complete an application which called for information concerning the boat, the trailer and other items. United agreed to insure the vessel and the trailer for a stated premium and

issued its policy memorandum number M/100-W 156 to insure the vessel from October 27, 1982 to October 27, 1983.

On March 8, 1983, the boat trailer was placed at a gas station in North Miami. Sometime thereafter, on or about April 4, 1983, the trailer was reported stolen from the station. Aronson made claim under the policy with United for which coverage was denied. Suit was then instituted in the County Court which resulted in judgment being entered in favor of Aronson in the sum of Twenty Four Hundred ($2,400.00) Dollars plus interest, costs and attorneys fees. This appeal followed.

The insurance policy contained the following statement:

"The application form completed by the insured or his broker for this insurance shall form the basis for this insurance and is considered a part thereof. Full and accurate disclosure of the facts requested in the application are essential for full coverage."

The policy further states:

"This certificate is subject to all the general terms, limitations, and conditions of the entire policy, policy certificate and the application as well as any endorsements hereto made a part hereof."

The application which is expressly made a part of the policy contains the following provisions in the area of Underwriting Information:

"I will adequately protect my vessel against loss while *ashore* and *unattended*—Give specific location and how protected?"

The response provided by Aronson was:

"Indoor-locked warehouse-Dabney Marine."

Florida Statutes Section 627.409(1) provides in part as follows:

"All statements and descriptions in any application for an insurance policy . . . by or in behalf of the insured . . . shall be deemed to be representations. . . . Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless: . . . (c) the insurer in good faith would either not have issued the policy or contract, would not have issued it at the same premium rate, would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise."

Subsection (2) goes on to provide:

"A breach or violation by the insured of any . . . provision of any

wet marine or transportation insurance policy, contract of insurance, endorsement, or application therefor, shall not render void the policy or contract, or constitute a defense to a loss thereon, *unless such breach or violation increased the hazard by any means within the control of the insured.*"

The insured represented to the insurer it would store the boat and trailer inside a locked warehouse. By storing the trailer at a gas station in the open, the insured increased the hazard for loss. Such an added increase constitutes a defense to a loss of the trailer. For this reason, the insured is precluded from recovering for the loss of his trailer.

Based upon the foregoing, the final judgment entered in favor of the insured against the company be and the same is hereby vacated and reversed. This matter is remanded with instructions to the lower Court to enter judgment in favor of the appellant insurance company.